**COUNCIL OF INSURANCE AGENTS + BROKERS and Rebecca Restrepo, Plaintiffs,**

v.

**Alice A. MOLASKY–Arman, in her official capacity as Nevada Commissioner of Insurance, Defendant.**

No. CIV.A. CV–S–02–0813.

United States District Court, D. Nevada.

Oct. 12, 2004.

Ike Lawrence Epstein (Nevada Bar No. 4594), J. Christopher Jorgensen (Nevada Bar No. 5283), Beckley Singleton, Chtd, Las Vegas, Scott A. Sinder, Christy Hallam DeSanctis, Kristin Pierce Barry, Collier Shannon Scott, PLLC, Washington, DC, for Plaintiff, Council of Insurance Agents & Brokers.

### ORDER GRANTING PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

MAHAN, District Judge.

In this action, the Plaintiffs Council of Insurance Agents + Brokers ("The Council") and Rebecca Restrepo ("Restrepo") challenge Nevada's "countersignature" law, Nev.Rev.Stat. § 680A.300, that precludes an insurance agent or broker who is duly licensed by the State of Nevada but resides outside the state from placing coverage in the state without the participation of—and payment of a substantial share of the premium to—a licensed agent who resides within the State. The Council and Restrepo challenge Nevada's countersignature law under the Privileges and Immunities Clause and Equal Protection Clause of the United States Constitution.

The Defendant Nevada Commissioner of Insurance, in her official capacity, asserts that both The Council and Restrepo lack standing to present these claims. The Commissioner also asserts the statutes are constitutional. Each side has moved for summary judgment.

■ Restrepo is a nonresident insurance broker licensed to do business within the State of Nevada. She has placed, and continues to place, insurance contracts on risks located, in part or in whole, within the State. The record reveals that Restrepo, individually, has suffered, and continues to suffer, economic and other forms of injury because of the requirements imposed upon nonresident insurance agents and brokers by the Nevada countersignature law. Thus, Restrepo has standing to pursue this litigation.

The Council, as a trade association, represents the interests of its member firms and their officers, directors, principals, and employees. Because its members' officers, directors, principals, and employees, including Restrepo, have been injured by the countersignature law, The Council has representative standing to assert the underlying constitutional claims on their behalf.

■ The effect and only discernible purpose of the statute is to protect the financial interests of agents who reside in Nevada. Because the statute plainly draws a distinction between Nevada-licensed nonresident agents and brokers and Nevada-licensed resident agents and brokers, and because there is no legitimate rational basis for any such distinction, I grant summary judgment for the Plaintiffs and declare unconstitutional the statute at issue.

For these reasons,

IT IS ORDERED:

1. Plaintiff The Council's renewed motion for summary judgment (document 44) is GRANTED. Plaintiff Restrepo's motion for summary judgment (document 44) is GRANTED. The Defendant Nevada Commissioner of Insurance's renewed motion for summary judgment (document 42) is DENIED.

2. It is hereby declared that § 680A.300 of the Nevada Revised Statutes violates the Privileges and Immunities Clause and Equal Protection Clause of the United States Constitution because it denies to Nevada-licensed nonresident insurance agents the same rights and privileges

that are afforded to Nevada-licensed resident agents.

3. The Defendant Nevada Commissioner of Insurance, in her official capacity, is enjoined from enforcing § 680A.300 of the Nevada Revised Statutes.

4. This order is binding on the Defendant Nevada Commissioner of Insurance and her officers, agents, servants, employees, and attorneys, and upon their successors.

5. The clerk shall enter judgment. The judgment shall state that judgment is entered in favor of Plaintiffs Council of Insurance Agents + Brokers and Rebecca Restrepo against the Defendant Nevada Commissioner of Insurance, in her official capacity. In addition, the judgment shall include the terms set forth in paragraphs 2 through 5 above.